# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH BERNARD McADAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-00021-LSC-JEO |
| JULIAN M. KING, Talladega County Senior Judge, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 27, 2017, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 12). The plaintiff was notified of his right to file objections within fourteen (14) days of the report and recommendation (*id*.), and on August 14, 2017, the court received the plaintiff's objections.[1] (Doc. 13).

In his objections, the plaintiff concedes that defendants Judge Jeb Fannin and Clerk Clarence Haynes are due to be dismissed. (Doc. 13 at 4). While the

---

[1] The plaintiff's objections are dated August 6, 2017, making them timely filed. *See Adams v. U.S.*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that filings by pro se prisoners are deemed filed on the date such filings are delivered to prison authorities for mailing). "Absent evidence to the contrary," the court "assume[s] that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (*quoting Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

plaintiff does not make the same concession as to defendants Circuit Clerk Brian York, Assistant District Attorney David Argo, the Alabama Board of Pardons and Paroles, the Alabama Attorney General, the Governor of Alabama, and the Chief Justice of Alabama, he fails to object to the magistrate judge's determination that the amended complaint (doc. 10) failed to allege any facts specifically associating these defendants with any constitutional violation. (*See* Doc. 12 at 8-9, 20, 21).

## I. Objections Based on the Validity of the Arrest Warrant

The plaintiff's objections focus on whether the complaint and arrest warrant issued by Patricia Davenport on November 6, 2015, was based on probable cause and whether she had authority to issue it.[2] The plaintiff's first series of objections concern whether a Circuit Clerk has the authority to determine probable cause for arrest. (Doc. 13 at 1-2, 21-22, 24). The law is well established that state court clerk

---

[2] The plaintiff refers to "Patricia Davenport" as both Municipal Clerk for the City of Sylacauga and the Circuit Court Clerk for Talladega County. (Doc. 13 at 2, 3, 5, 20, 28). Her signature appears on both the Complaint and Writ of Arrest issued by the District Court of Talladega County for Robbery Third Degree, over the check box "Magistrate." *See State of Alabama v. McAdams*, DC-2015-100719.00 (Talladega County, Ala.). From a review of the Talladega County, Alabama, website, Davenport appears to be neither a Sylacauga municipal clerk nor the Talladega Circuit Clerk. Rather, "Patty Davenport" is listed as an employee of the Talladega District Court Clerk's Office. http://talladega.alacourt.gov/Pages/Directory.aspx.

Although the magistrate judge found defendant Davenport entitled to immunity in signing the arrest warrant as a circuit clerk (doc. 12 at 21-22), rather than as a magistrate, the same logic for applying immunity is present. In addition to district clerk offices being state agencies for purposes of immunity, Ala. Code. § 12-17-80, when a clerk or magistrate issues warrants, the immunity of a judge extends to the clerk. *See e.g., Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) ("A clerk of a federal court performing routine duties such as entering an order and notifying parties does not enjoy an absolute immunity from damages actions for injuries caused by that conduct.").

office employees can and do regularly issue warrants. Under Alabama law, state court circuit clerks have the authority to "sign and issue all summons, subpoenas, writs, executions, and other processes, under the authority of the court." § 12-17-94(a)(1), Code of Alabama 1975, as amended. Moreover, district court clerks may be designated as magistrates and are provided the authority to issue arrest warrants. *See* Ala. Code § 12-17-251 (b) and (c). The plaintiff's assertion that defendant Davenport lacked the authority to issue an arrest warrant is without merit.

Although the plaintiff cites *Shadwick v. City of Tampa*, 407 U.S. 345 (1972), in support of his belief that defendant Davenport could not issue a warrant, that case states that "it has never been held that only a lawyer or judge could grant a warrant, regardless of the court system …. The Court frequently has employed the term 'magistrate' to denote those who may issue warrants …. Historically, a magistrate has been defined broadly as 'a public civil officer, possessing such power … as the government appointing him may ordain." *Id*., at 348-349 (citations omitted). *Shadwick* undermines the plaintiff's assertion that only a judge can determine probable cause for purposes of the issuance of a warrant.[3] The

---

[3] Rule 4.3(a)(1)(iii), Ala. R. Crim. P. states that "[a] judge or magistrate in the county of arrest shall determine whether probable cause exists to believe that the defendant committed the charged offense, by examining any necessary witnesses in accordance with the procedures for making a probable cause determination in Rule 2.4." Rule 2.4 sets forth, in relevant part, that if "the judge or magistrate is reasonably satisfied from the complaint and the evidence, if any, submitted that the offense complained of has been committed and that there is probable cause to believe that the defendant committed it, the judge or magistrate shall proceed under Rule 3.1."

plaintiff's objections on the basis that defendant Davenport lacked authority to issue and arrest warrant is **OVERRULED.**

The plaintiff next argues that the arrest warrant issued for him on November 6, 2015, was not based on probable cause and was therefore invalid. (Doc. 13 at 3). However, the plaintiff's basis for this conclusion is his mistaken belief that he is entitled to have a judge determine whether probable cause for his arrest exists prior to the issuance of a warrant. (*Id*. at 3, 5, 7). The state court records reflect that Patty Davenport, as Magistrate, signed a Complaint based on the statement of Officer Michael Smith.[4] *State of Alabama v. McAdams*, DC-2017-100719.00 (Talladega County, Ala.). Officer Smith stated under oath that he had probable cause for believing that the plaintiff, "[d]id, in the course of committing a theft of, to-wit: Ladies Purse (sic), the property of Carolyn Ann McGrady, by use of force or threaten the imminent use of force against the person of Carolyn Ann McGrady, or another person present, with the intent to overcome his/her physical resistance … in violation of § 13A-8-43 of the Alabama Criminal Code …." *Id*. Such a statement is sufficient to establish probable cause for a warrant to issue. *See e.g., Sada v. City of Altamonte Springs*, 434 F. App'x 845, 849 (11th Cir. 2001)

---

Rule 2.4, Ala. R. Crim. P. Rule 3.1 then instructs that upon a finding of probable cause, the judge or magistrate shall immediately cause to an arrest warrant to be issued.

[4] This court may take judicial notice of state court proceedings. *Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013); *Keith v. DeKalb County, Georgia*, 749 F.3d 1034, 1041 n. 18 (11th Cir. 2014) (judicial notice taken of an online judicial system similar to Alacourt.com) (citing Fed. R. Evid. 201).

(holding that various witnesses' statements were sufficient to establish probable cause). The constitution requires no more than this for Fourth Amendment purposes. Under Alabama law too, this is sufficient. *See e.g., Hunt v. State*, 659 So.2d 933, 947-48 (Ala. Crim. App. 1994) (finding substantially similar complaint adequate to establish probable cause).

The plaintiff's general assertions that probable cause was not established, with no specific factual support (*see e.g.*, doc. 13 at 7), do not require a finding otherwise. *See e.g., Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (something more than mere conclusory notice pleading is required in civil rights complaints, especially where the defense of qualified immunity is involved). The plaintiff's objections in this regard are **OVERRULED**. To the extent the plaintiff is actually challenging the sufficiency of the evidence against him, such claims are within the realm of habeas proceedings and outside the province of § 1983 action. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)).

To the extent that the plaintiff is arguing that a "form complaint-unaccompanied by a separate affidavit" (doc. 13 at 8) is invalid, no legal support for such a claim exists. However, even if the warrant was invalid, "it does not follow that the arrest was invalid." *Rennow v. State*, 255 So.2d 602, 603 (Ala. Crim. App. 1971). An arrest not in compliance with Alabama statutes is not a per

se violation of the federal Constitution. *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("there is no federal right not to be arrested in violation of state law") (citations omitted); *Wilcox v. Ford*, 813 F.2d 1140, 1145 n.7 (11th Cir. 1987) (a federal court is not concerned with violations of state law unless the violation raises federal constitutional problems).

The content of the complaint and warrant for the plaintiff's arrest were within the bounds of the Fourth Amendment.[5] The facts set forth in the complaint were sworn to by defendant Smith, which provided a reasonable basis for the warrant to issue.[6] *See Harris v. Falls*, 920 F. Supp. 2d 1247, 1260 (N.D. Ala. 2013). The plaintiff's general assertions that probable cause was not established, with no specific factual support, do not require a finding otherwise. The plaintiff's objections based on the lack of a separate affidavit are **OVERRULED.**

---

[5] While the plaintiff asserted claims based on the Fourth and Fourteenth Amendments, the plaintiff's claims for arrest and detention without probable cause arise under the Fourth Amendment. *Manuel v. City of Joliet, Illinois*, -- U.S.--, 137 S. Ct. 911, 914, 918 (2017). *See also County of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991) (recognizing that "the Fourth Amendment requires a prompt determination of probable cause"). To the extent the plaintiff asserted Fourteenth Amendment due process claims relating to his arrest and subsequent detention, such claims are duplicative of his Fourth Amendment claims.

[6] Although the plaintiff repeatedly states that the warrant was not based on probable cause, he does not argue that defendant Smith misled defendant Davenport by lying to obtain the warrant, and he does not argue that he is innocent of the charges. As noted in the Report and Recommendation, the plaintiff was convicted by a jury of Robbery, Third Degree, in this action. (Doc. 12 at 4-5 n.1).

## II. Objections Concerning Defendants Smith, Kimbrough, and Moore

Woven through the plaintiff's arguments concerning the actions of Davenport is the plaintiff's allegation that defendant Mike Smith, an Investigator with the Sylacauga Police Department, should have known better than to rely on the arrest warrant issued by "a Circuit Court Clerk." (Doc. 13 at 16). However, as previously stated, Alabama law clearly allows for duly appointed magistrates to issue arrest warrants. Given that the warrant was properly issued, defendant Smith was entitled to rely on it. The plaintiff's objections on this basis are **OVERRULED.**

Muddying the plaintiff's objections are his arguments mixing his arrest on October 2, 2015, with the arrest warrant issued on November 6, 2015, for robbery. (*See e.g.*, Doc. 13 at 5-6). Defendant Officers Kimbrough and Moore arrested the plaintiff on October 2, 2015, for Attempting to Elude a Police Officer, causing the probation violation arrest warrant to issue.[7] Nothing in the state court records suggests either of these Sylacauga police officers had any involvement with the execution of the warrant on November 6, 2015. Moreover, at the time of the November 6, 2015, warrant, the plaintiff was already in the Talladega County Jail, awaiting a hearing on probation revocation. Although the plaintiff also asserts the October 2, 2015, arrest was in violation of his Fourth Amendment rights (doc. 13

---

[7] *State of Alabama v. McAdams*, CC-2011-000491.70 (Talladega County, Ala.).

at 4), he states no factual basis in his complaint or objections for this assertion. Thus, all of the plaintiff's allegations against Officers Kimbrough and Moore concerning reliance on the November 6, 2015, arrest warrant are misplaced and his objections on this basis are **OVERRULED**.

**III. Objections Based on Immunity of Probation Officers**

The plaintiff next argues that defendant Probation Officer Tim Hall, and defendant Stacy Vogel as his supervisor, were responsible for an "objectively unreasonable arrest of the plaintiff, without a reasonable judicial determination of probable cause." (Doc. 13 at 4, 23). According to the plaintiff, these defendants acted in bad faith, exceeded their authority, and violated his Fourth Amendment rights by failing to establish probable cause because the arrest warrant issued by defendant Davenport was invalid.[8] (*Id.*, at 5- 6). Even if this argument had some factual basis, probation officers are entitled to complete immunity for actions they take in their role as probation officers. *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984). *See also Holmes v. Crobsy*, 418 F.3d 1256, 1258 (11th Cir. 2005) (probation officers are entitled to quasi-judicial immunity). This immunity extends to the function of issuing violator arrest warrants. *Dorman v. Simpson*, 893 F. Supp. 1073, 1081 (N.D. Ga. 1995). The plaintiff's objections to the

---

[8] Defendant Hall issued a warrant for the plaintiff's arrest for probation violations. *See State of Alabama v. McAdams*, CC-2011-00-491.70 (Talladega County, Ala.). It was not related to or dependent upon Davenport's action, and in fact preceded that by approximately one month.

magistrate's report and recommendation concerning Tim Hall and Stacy Vogel are therefore **OVERRULED**.

Additionally, 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). *See also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Because the plaintiff's only complaint against defendant Vogel is that she is defendant Hall's supervisor, his objections concerning defendant Vogel are **OVERRULED**.

## IV. Objections Based on Immunity of Judges

The plaintiff asserts that defendant Judge Rumsey should have known that the arrest warrant was invalid and thus Judge Rumsey acted in absence of all jurisdiction at the December 8, 2015, preliminary hearing. (Doc. 13 at 16, 18). The plaintiff's argument is misplaced. Holding hearings is a function normally performed by a judge and is clearly within the jurisdictional authority of a state court judge. *See e g., Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (holding that a judge is entitled to absolute judicial immunity for all actions taken within the exercise of his jurisdiction); *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir.

1996) (same). A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Defendant Rumsey is a judge of the District Court of Talladega County, Alabama. The plaintiff's interactions with Judge Rumsey, specifically the December 8, 2015, preliminary hearing, were within Judge Rumsey's authority as a judge. Thus, Judge Rumsey's actions were within his jurisdiction and his judicial capacity, and he is therefore immune from suit.[9] *Simmons,* 86 F.3d at 1084-85.

The same conclusion must hold true for the plaintiff's allegations against defendant Judge King. (Doc. 13 at 17). Judge King revoked the plaintiff's probation, which is clearly a judicial act within his authority as a state circuit court judge. As such, Judge King is wholly immune from suit. *See Stump, supra*. Moreover, although the plaintiff asserts that Judge King should have known the arrest warrant issued by Patty Davenport was in violation of the plaintiff's Fourth Amendment rights (doc. 13 at 17), the plaintiff again confuses his probation revocation, based on the October 2, 2015, arrest and warrant signed by a probation officer, and the November 6, 2015, arrest warrant for Robbery.

---

[9] The plaintiff's reliance on *Stump v. Sparkman* as demanding a different result is misplaced. (*See* doc. 13 at 16-17). In that case, the Supreme Court held that a state court judge who approved a petition for the sterilization of a minor was within his judicial authority and hence immune from damages. *Id*., 435 U.S. at 357-58. Considering potential procedural errors, the Court continued, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359.

Finally, the plaintiff's passing references to defendant Judge Hollingsworth (doc. 13 at 19, 29-30) suggest that the plaintiff objects to Judge Hollingsworth's immunity for his actions in presiding over the plaintiff's criminal trial for the Robbery-Third charges. *See State of Alabama v. McAdams*, CC-2016-000032.00 (Talladega Co., Ala.). The plaintiff states only that "defendants King, Hollingsworth, and Rumsey, acting under color of state law, willfully deprived the plaintiff of his liberty without due process of law …." (Doc. 13 at 20). Because nothing in this objection overcomes judicial immunity, the plaintiff's objections to the finding of absolute judicial immunity barring his claim against defendants Rumsey, King, and Hollingsworth is **OVERRULED**.

## V. Objections to Immunity of Prosecutors

The plaintiff asserts that because the arrest warrant issued by Davenport was invalid, defendants District Attorney Steven Dale Giddons and Assistant District Attorney Cristina Kilgore had no evidence which supported a reasonable belief of guilt. (Doc. 13 at 22). Regardless of the reasonableness of these defendants' belief in the plaintiff's guilt, "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), including the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, such as examining witnesses and presenting

evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991). *See also Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978).

The plaintiff's objection to the application of prosecutorial immunity is **OVERRULED.**

## VI. Objections Based on Conspiracy Allegations

Although not stated as objections, the plaintiff makes several passing references to a perceived conspiracy to deprive the plaintiff of his liberty without due process. (Doc. 13 at 7, 11, 22, 25). As set forth in the report and recommendation, "vague and conclusory allegations of conspiracy are not sufficient to state a claim for relief." (Doc. 12 at 24, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The plaintiff offered no more than conclusory statements in his amended complaint that various defendants conspired together to deprive him of his liberty. Such allegations are wholly insufficient to plead a claim for conspiracy. *Allen v. Secretary, Florida Dept. of Corrections*, 578 F. App'x 836, 840 (11th Cir. 2014) (quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)). As with his other claims, the plaintiff's conspiracy theory

focuses on Davenport's issuance of an arrest warrant. Because, as explained above, nothing irregular appears from Davenport's signing the warrant in question, it cannot be used as a basis to demonstrate a conspiracy to violate the plaintiff's rights.[10] This objection is without merit and therefore **OVERRULED**.

**VII. Objections Based on Failure to Train--City of Sylacauga**

The plaintiff asserts that defendants Kimbrough and Smith, as subordinates of Police Chief Kelly Johnson, who is a subordinate of Mayor Doug Murphree, who is a subordinate of the City of Sylacauga, failed to adequately train defendants Smith and Kimbrough and that the Police Chief and Mayor formulated policies and practices which resulted in the plaintiff's unreasonable seizure. (Doc. 13 at 7-8, 28). The plaintiff bases this objection on the warrant issued by Davenport. (*Id.* at 8). However, as previously noted, the City of Sylacauga officers were involved in the plaintiff's arrest for probation violations, not his arrest for robbery. Thus, the validity of the warrant issued by Davenport cannot provide a basis for a failure to train claim against the Sylacauga defendants.

---

[10] The plaintiff's "conspiracy to convict him" theory is further barred by *Heck v. Humphry*, 512 U.S. 477 (1994). *See e.g., Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] would necessarily imply the invalidity of his conviction."); *see also Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (claims alleging malicious and false arrest would necessarily invalidate a conviction that had not been reversed or declared invalid and therefore were barred under *Heck*).

Additionally, the plaintiff's bare bones allegation in his objections, that "customs and policies resulted in deliberate indifference," fails to meet the minimal pleading standards for stating a claim set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers labels and conclusions ... will not do.") (citations and internal quotations omitted). Moreover, as supervisors, the Mayor and Chief of Police of the City of Sylacauga cannot be held individually liable in an action brought under 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978).

The plaintiff further asserts that he was arrested by Officers Kimbrough, Moore, and Smith "just because he was walking down a power line, and he defendant Kimbrough was without reasonable suspicion and probable cause…."[11] (Doc. 13 at 27). The state court records reflect that the officers, looking for the plaintiff, saw him walking down "Power Line Trail." When the officers attempted to speak with the plaintiff, he ran away, requiring the officers to chase him down. The plaintiff was arrested for probation violations including the commission of a new offense, failure to pay supervision fees, and failure to pay court ordered

---

[11] The plaintiff may not use a § 1983 action to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment) (citation omitted); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a compliment to the appeal of a state court decision …. Federal courts may not decide federal issues that are raised in state proceedings and inextricably intertwined with the state court judgment." (citations and internal quotations omitted)).

money.  *See State of Alabama v. McAdams*, CC-2011-000491.70 (Talladega Co., Ala.).

Nothing in the above set of facts demonstrates a lack of training in probable cause on the part of the defendant officers.  Probable cause exists where the facts and totality of the circumstances, as collectively known to the law enforcement officers and based on reasonably trustworthy information, are "sufficient to cause a person of reasonabl[e] caution to believe an offense has been or is being committed."  *Parker v. Allen,* 565 F.3d 1258, 1289 (11th Cir. 2009) (citations omitted).  *See also United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002).  Even if an officer lacked actual probable cause to make an arrest, he is nevertheless entitled to qualified immunity if there was arguable probable cause for the arrest.  *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999).  Arguable probable cause exists if a reasonable police officer, knowing what the defendant knew, could have believed that there was probable cause for the arrest.  *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

Because the underlying facts do not demonstrate a lack of probable cause to arrest by these officers, this objection is without merit and **OVERRULED**.

**VIII.  Objections Based on Official Capacity Immunity**

The plaintiff asserts that each of the defendants (except defense counsel), acted under color of state law and therefore objects to the application of Eleventh

Amendment immunity. (Doc. 13 at 9, 12). The plaintiff's reliance on cases from the Alabama courts concerning state sovereign immunity does not require a different result. For example, in *Phillips v. Thomas,* 555 So. 2d 81 (Ala. 1989), the Alabama Supreme Court held that "Article I, § 14, Alabama Constitution of 1901, is the basis for sovereign immunity in this State, and that section provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.' Under this provision, the State and its agencies have absolute immunity from suit in any court.... State officers and employees, in their official capacities and individually, also are absolutely immune from suit when the action is, in effect, one against the State." *Id*. at 83 (citations omitted).

Similarly, under federal law, "[t]he Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2002). This Amendment precludes suit against the State irrespective of the type of relief a plaintiff seeks. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). Because a suit against a state official in his or her official capacity is treated as a suit against the state, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), all of the plaintiff's claims against the named defendants in their

official capacities are barred.[12] The plaintiff's objection to Eleventh Amendment immunity is **OVERRULED**.

Moreover, in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that states are not "persons" subject to liability under 42 U.S.C. § 1983. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 n. 3 (11th Cir. 1990). "Suing individuals in their official capacities is 'another way of pleading an action against an entity of which an officer is an agent.'" *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (*quoting Graham*, 473 U.S. at 165). As such, "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." *Id.* (citing *Will*, 491 U.S. at 71).

## IX. Objections Based on Claims against Dunn and Estes

The plaintiff asserts that his probation was wrongfully revoked and therefore he was unreasonably sent to the Alabama Department of Corrections. (Doc. 13 at 25). This argument is no more than a restatement of the plaintiff's claims from his amended complaint, specifically that because he was wrongfully incarcerated, his incarceration violates the Thirteenth Amendment prohibition against slavery. (*Id.*

---

[12] While a state official sued in his or her official capacity for monetary damages is immune from suit under the Eleventh Amendment, that immunity does not extend to claims for prospective injunctive relief. *Smith v. Florida Department of Corrections*, 318 F. App'x 726, 728 (11th Cir. 2008) (citing *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007). However, as set forth in the report and recommendation (doc. 12 at 10), the plaintiff only seeks relief for completed past acts.

at 25-26). For the reasons set forth in the report and recommendation (doc. 12 at 23-24), this argument is without merit. The plaintiff's objection on this basis is **OVERRULED**.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the plaintiff's objections, the plaintiff's objections are **OVERRULED**. The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** AND **ORDERED** ON OCTOBER 25, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704